[48 NYS3d 446]

In the Matter of MICHAEL DAVID GARBER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 1, 2017

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Sasha N. Holguin* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By order filed April 6, 2016, the Supreme Court of New Jersey disbarred the respondent, upon his consent, in that state and struck his name from the roll of attorneys (224 NJ 390, 133 A3d 281 [2016]).

The respondent tendered his consent to disbarment upon the filing of a complaint by the Office of Attorney Ethics (hereinafter OAE), which alleged violations of New Jersey Rules of Professional Conduct (hereinafter RPC) rules 8.4 (b) (commission of criminal act that reflects adversely on a lawyer's honesty, trustworthiness, or fitness to practice law) and (c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); 1.15 (a) (pattern of gross breach of fiduciary duty by failing to safeguard entrusted funds; knowing misappropriation of escrow funds); 1.4 (b) and (c) (failure to communicate with escrow clients); 8.1 (a) (making false statements of material fact to the OAE); and rule 1:21-6 of the New Jersey Rules of Court and RPC rule 1.15 (d) (failure to maintain required bookkeeping records).

The respondent was admitted to the New Jersey Bar in 1986, and was a solo practitioner with a general law practice.

The complaint filed by the OAE contained five counts, summarized briefly as follows:

Count one charged the respondent with violations of RPC rules 8.4 (b) and (c) and 1.15 (a) in connection with his role in a massive fraud known as an "advanced fee fraud" perpetrated by the Harbor Funding Group (hereinafter HFG). In essence, the respondent facilitated the fraudulent transfer and theft of millions of dollars in escrow funds. HFG was a corporate entity that was purportedly in the business of providing funding for real estate transactions. HFG was not a legitimate business operation and was prosecuted by the United States Attorney for the Eastern District of New York. The principal coconspirators were William C. Lange, Joseph Pascua, Brad Russel, Frank Perkins and Kristofer J. Lange. The respondent was identified as an unindicted coconspirator in the government's filings. In exchange for his cooperation, the respondent was not criminally prosecuted. HFG and its principal coconspirators represented to individuals involved with real estate developers primarily in a region known as the Gulf Opportunity Zone (a region impacted by Hurricane Katrina) that HFG could fund real estate development if the prospective parties provided a

10% advanced fee or deposit. HFG, in fact, had no access to real estate financing. The only fund available to HFG was the 10% advance fee made by numerous real estate investors and parties. HFG and the investors agreed that the fee would be placed in escrow to be held by an attorney. The respondent agreed to be an escrow agent on behalf of HFG.

The respondent was paid an agreed percentage based on the amount of investment. He stated to the OAE that he earned $21,500 for his role in the fraudulent scheme. Escrow agreements were executed, but these agreements contained a provision which permitted HFG to unilaterally request release of the escrow funds. The respondent used the provision to transfer millions of dollars to HFG and the principal coconspirators, ignoring his fiduciary duties owed to the escrow clients. The respondent failed to keep his escrow clients informed, failed to advise them of the disbursement of their funds, and failed to provide them with an accounting of their funds.

Count two charged the respondent with violations of RPC rules 1.15 (a), 1.4 (b) and (c), and 8.4 (b) and (c) in connection with his role in a real estate transaction as the escrow agent for an earnest money escrow agreement involving Imperial Development Tracewood, LLC (hereinafter the seller), and Kennie Arriola, Ingrid Arriola, Herman Kinscher, Ben Arriola, Imedla Young and Erik Kinscher (hereinafter collectively the buyers). Pursuant to the escrow agreement, the respondent agreed to hold the earnest money in accordance with the terms of the contract or until written release disbursement instructions were received from the seller.

On July 17, 2008, the buyers wired $100,000 into a trust account maintained by the respondent at Bank of America (account ending 2099), and separately wired an additional $40,000 into the account, for a total of $140,000. Thereafter, on July 25, 2008, the respondent wired $105,000 of the $140,000 to an account held by HFG, and on September 5, 2008, wired the remaining $35,000 to an account held by an unrelated corporation named APV, LLC. In neither instance did the respondent receive written authorization from the buyers or the seller before he disbursed the escrow funds.

Count three charged the respondent with violations of RPC rules 1.15 (a), 1.4 (b) and (c), and 8.4 (b) and (c) in connection with his role as the escrow agent of funds received on behalf of his client, OFP/Oliver Byington (hereinafter OFP). On July 24, 2008, the respondent received $200,000 in escrow funds from

OFP. Four days later, on July 28, 2008, the respondent disbursed the funds received from OFP to HFG, without obtaining authorization from OFP to release the escrow funds. In addition, the respondent took a fee from the escrow proceeds in the amount of $625 without the knowledge or permission of OFP. OFP's funds were fraudulently transferred by the respondent and misappropriated by HFG.

Count four charged the respondent with violations of RPC rules 1.15 (a) and 8.4 (b) and (c) in connection with his role as the escrow agent for a loan to be provided by HFG to Providence Home Building & Design, Inc. (hereinafter Providence). The escrow agreement provided for the release of the funds on deposit if any of three enumerated conditions occurred. On July 9, 2008, Providence wired $67,000 to an escrow account (account ending 2099) maintained by the respondent at Bank of America. On July 10, 2008, Providence wired $100,000 to an escrow account (account ending 2099) maintained by the respondent at Bank of America. On July 11, 2008, the respondent transferred the $167,000 received from Providence to another trust account (account ending 9648) maintained by the respondent at Bank of America. On September 4, 2008, Providence wired an additional $80,000 into the respondent's escrow account (account ending 2099).

On September 12, 2008, the respondent wired $248,881.72, of which $80,000 consisted of funds received from Providence, from the account ending 2099 to a bank account at First National Bank of Alaska for an unrelated corporate entity called APV, LLC. The escrow agreement did not authorize the respondent to send Providence's funds to APV, LLC.

Count five charged the respondent with violating RPC rule 1.15 (d) and rule 1:21-6 of the New Jersey Rules of Court based on his failure to comply with various recordkeeping requirements under the rules, namely, contemporaneous three-way reconciliations.

On September 22, 2016, the Grievance Committee served the respondent with the instant notice pursuant to former 22 NYCRR 691.3. More than 20 days have elapsed, and the respondent has neither served a verified statement asserting any defenses nor demanded a hearing. Accordingly, no impediment exists for the imposition of reciprocal discipline.

Based on the findings of the Supreme Court of New Jersey, we find that reciprocal discipline is warranted. Accordingly, the Grievance Committee's application to impose reciprocal disci-

pline is granted, and the respondent is disbarred, effective immediately.

ENG, P.J., RIVERA, DILLON, BALKIN and CONNOLLY, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 1240.13, effective immediately, the respondent, Michael David Garber, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Michael David Garber, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael David Garber, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee or another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael David Garber, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).